UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**NATIONWIDE TRADE INC.,**

    **Plaintiff,**

v.

**UNITED STATES OF AMERICA, U.S. DEPARTMENT OF AGRICULTURE FOOD AND NUTRITION SERVICE, RETAILER OPERATIONS DIVISIONS,**

    **Defendant.**

---

**Raymond J. Salloum (P36852)**
**Attorney for Plainitff**
**40700 Woodward Ave., Ste 305**
**Bloomfield Hills, MI 48304**
**Phone: (248) 594-4700**
**Fax: (248) 594-4701**
**salloumlaw@comcast.net**

---

## COMPLAINT

NOW COMES plaintiff, NATIONWIDE TRADE INC.., by and through its attorney Raymond J. Salloum, who states in support of its complaint:

1. Plaintiff was at all times relevant a duly incorporated Michigan Corporation, located at 18200 Plymouth Road, Detroit, MI 48228 doing business in the City of Detroit, County of Wayne, State of Michigan.

2. Defendant United States of America, et al. was a government entity at all times relevant in control of the actions of the United States Department of Agriculture which is a federal government department and otherwise prosecuted the administrative

case against plaintiff, acting under color of law pursuant 7 U.S.C. 2023 and 7 C.F.R. 279.1.

3. Plaintiff was the target of an investigation by defendant regarding the use of food stamps under the Supplemental Nutrition Assistance Program ("SNAP") administered and implemented under the Food and Nutrition Service, which culminated in a Final Agency Decision of Permanent Disqualification from participating in the Supplemental Nutrition Assistance Program; Agency Decision of January 4, 2021.

4. Plaintiff seeks trial de novo in this Court pursuant to 7 C.F.R. 279.7 and Sections 13 through 18 of 7 U.S.C. 2023. 7 U.S.C. 2023 provides:

> (13) If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.
>
> (17) During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal.

5. Jurisdiction is proper in this court pursuant to federal claims jurisdiction under 28 U.S.C. 1331. Further, 28 U.S.C. 2001 also confers jurisdiction as declaratory judgment to the rights of the parties is sought.

6. Venue is proper in this Court pursuant to 7 U.S.C. 2023 and 28 U.S.C.1391b because the conduct complained of herein occurred in this district, and

plaintiff resides in this district and defendant as a governmental entity conducts business in this district.

## GENERAL FACTS OF THE CASE

7. Plaintiff reincorporates and re allege all preceding paragraphs as if more fully set out herein.

8. Plaintiff was properly granted authorization to participate in the SNAP program by defendant.

9. In a letter dated February 26, 2018 the ROC charged Plaintiff with trafficking, as defined in Section 271.2 of the SNAP regulations.

10. The charge was based on a series of SNAP transaction patterns that allegedly "established a clear and repetitive pattern of unusual, irregular and inexplicable activity for Plaintiff's type of firm."

11. Plaintiff timely replied in writing to the ROC charges with substantial evidence explaining the transactions.

12. The ROC made a determination that the Plaintiff's contentions did not outweigh the evidence in the charge letter and thus concluded that trafficking was the most probable explanation for the transactions listed in the charge letter.

13. The ROC issued a determination letter dated, November 3, 2020 informing the Plaintiff that it was permanently disqualified from participation as an authorized retailer in SNAP in accordance with Section 278.6( c ) and 278.6(e)(1) for trafficking violations.

14. Plaintiff timely appealed the ROC determination to the Administrative Review Branch which issued it's Final Agency Decision on January 4, 2021.

15. No unauthorized purchases occurred and none were identified.

16. There was no evidence of intentional violation by plaintiff, of any of the SNAP regulations.

17. Plaintiff made many allegations of error on the part of Defendant, including but not limited to:

   a) The alleged violations did not actually occur;

   b) The Defendant's refusal to consider the Plaintiff's evidence and summarily determine that it is more likely true than not true that program violations occurred as charged is an error of law.

   c) Plaintiff serves an economically depressed part of the City of Detroit for which the only SNAP locations within 1 mile are gas stations which have very limited food selections and charge substantially more than the Plaintiff. Plaintiff's customers most of whom do not drive and are caught in a Food Desert, rely upon Plaintiff for their nutrition needs.

   d) The Plaintiff's market is well stocked and is closer to 4000 sq ft and not the 3000 sq ft stated by the Defendant;

   c) Since its participation in SNAP, Plaintiff has had no violations;

   d) Plaintiff took extensive measures to prevent violations;

   e) The charging letter of February 26, 2018 lacked specificity of date of and description of alleged violation(s);

   f) Discipline was too high as there was no allegation or evidence of Any SNAP program violations; rather the conclusion was based upon assumption of violation.

   g) The permanent disqualification would impose a hardship on the low income population of the area who are the primary beneficiaries of the SNAP program;

## COUNT I – REVIEW OF DECISION BY TRIAL DE NOVO

18. Plaintiff reincorporates and reallege all preceding paragraphs as if more fully set out herein.

19. Judicial review of disqualification from SNAP is authorized by 7 U.S.C. 2023 and its implementing regulation 7 C.F.R. 279.7.

20. Defendant and its agency USDA's disqualification of plaintiff from the SNAP program is invalid because its actions were arbitrary, capricious, not supported by competent evidence, and contrary to the intent and purpose of the laws governing the SNAP program.

21. Defendant and its agency USDA's disqualification of plaintiff from the SNAP program is invalid because the agency did not properly apply the SNAP regulations to plaintiff pursuant to its compliance policy.

22. Defendant and its agency USDA's disqualification of plaintiff from the SNAP program is invalid because the regulations related to the SNAP program are vague and ambiguous.

23. Defendant and its agency USDA's disqualification of plaintiff from the SNAP program is invalid because the agency did not allow adequate due process in its application of the SNAP laws and regulations.

24. Defendant and its agency USDA's disqualification of plaintiff from the SNAP program is invalid because the enforcement of the SNAP laws and regulations constituted an excessive fine in violation of the Eighth Amendment of united States Constitution.

WHEREFORE, as a result of defendants' conduct and constitutional violations, plaintiff respectfully requests this honorable Court review the administrative decision affirming the permanent disqualification of plaintiff from participation in the SNAP program by trial de novo and reverse the agency's determination.

## COUNT II – INJUNCTIVE RELIEF PURSUANT TO 7 U.S.C. 2023(17) ETSEQ.

25. Plaintiff reincorporate and reallege all preceding paragraphs as if more fully set out herein.

26. The actions of defendant will cause immediate and irreparable harm to plaintiff for the following reasons:

   a) Plaintiff's business is located in an underprivileged area of Detroit Michigan where there are a high number of food stamp recipients and no other food markets within the area.

   b) Plaintiff's business is centrally, conveniently located, within walking distance, and is accessible to the people in need of the benefits of the SNAP program who are generally without transportation;

   c) Plaintiff's participation in the SNAP program is an integral and vital portion of the plaintiff's business and without the food stamp program will suffer irreparable financial and reputation loss;

   d) The disqualification of plaintiff's authorization to accept food stamps will assuredly cause customers hardship.

27. Plaintiff believes that the de novo trial of these issues will show Plaintiff was wrongfully disqualified by Defendant, and thus the action was invalid and without merit and thus Plaintiff has a high likelihood of success on the merits.

WHEREFORE, Due to the nature of irreparable harm, Plaintiff respectfully requests the Court to stay the action of the Defendant and further, the Court is requested to schedule a show cause hearing ordering Defendant or its agent to come before this Court to show cause why the disqualification should not be set aside, and the Plaintiff re-authorized to participate in the SNAP program.

Respectfully Submitted,

/s/Raymond J. Salloum
Attorney for Plainitff
40700 Woodward Ave., Ste 305
Bloomfield Hills, MI 48304
Phone: (248) 594-4700
Fax: (248) 594-4701
salloumlaw@comcast.net

Dated: February 7, 2021